UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Roshune Lemarr Carelock, #292483, | ) | C/A No.: 5:15-cv-04168-JMC-KDW |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Warden, McCormick Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, proceeding pro se and *in forma pauperis*, brought a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. On April 4, 2016, Respondent filed a Motion to Dismiss. ECF No. 21. As Petitioner is proceeding pro se, the court entered an order on April 5, 2016, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the importance of such motions and of the need for him to file an adequate response. ECF No. 22. Petitioner was specifically advised that if he failed to respond adequately, Respondent's Motion may be granted, thereby ending Petitioner's case. The court instructed Petitioner to file a response no later than May 9, 2016. *Id.* Notwithstanding the specific warning and instructions set forth in the court's *Roseboro* order, Petitioner failed to respond to Respondent's Motion for Summary Judgment.

On May 23, 2016, the court ordered Petitioner to advise the court whether he wished to continue with the case and to file a response to the Motion for Summary Judgment by June 23, 2016. ECF No. 31. Petitioner filed no response.[1] As such, it appears to the court that he

---

[1] The undersigned notes that previous court orders have been returned undeliverable. *See* ECF Nos. 17, 27, 34. However, it is Petitioner's responsibility to maintain an up-to-date

does not oppose Respondent's Motion and wishes to abandon this action. Based on the foregoing, the undersigned recommends Petitioner's action be dismissed with prejudice for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978) (noting that a court deciding whether to dismiss a case under Fed. R. Civ. P. 41(b) must balance the policy of deciding cases on their merits against "sound judicial administration." In so doing, the court must weigh: 1) plaintiff's responsibility for failure to prosecute, 2) prejudice to defendant from delay, 3) history of delay, and 4) effectiveness of lesser sanctions.); *see also Ballard v. Carlson*, 882 F.2d 93, 95-96 (4th Cir. 1989) (noting and applying *Davis* factors in dismissing case under Fed. R. Civ. P. 41(b)); *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982) (same). Based upon the above, and taking into account the factors in *Davis*, *Ballard*, and *Chandler*, the undersigned recommends this action be dismissed with prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

IT IS SO RECOMMENDED.

---

address with the court and clerk's office. The court previously advised Petitioner of this responsibility in an order and specifically stated:

> You are ordered to always keep the Clerk of Court advised in writing (**Post Office Box 2317, Florence, South Carolina 29503**) if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. If as a result of your failure to comply with this Order, you fail to meet a deadline set by this court, your case may be dismissed for violating this Order. Therefore, if you have a change of address before this case is ended, you must comply with this Order by immediately advising the Clerk of Court in writing of such change of address and providing the court with the docket number of all pending cases you have filed with this court. Your failure to do so will not be excused by the court.

ECF No. 7 at 2. Therefore, alternatively the undersigned recommends Petitioner's case be dismissed for Plaintiff's failure to comply with the instructions in the October 15, 2015 order.

June 29, 2016  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**